UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No. 05-CR-272

GARY L. PANSIER,

        Defendant.

**ORDER**

On November 8, 2005, the grand jury returned a thirty-one count indictment against Defendant Gary L. Pansier. The indictment charged Pansier with one count of impeding and obstructing the Internal Revenue Service, eight counts of filing false Forms 8300 claiming payments made to state and federal entities on his behalf, and twenty-one counts of filing false and fictitious financial instruments known as Sight Drafts.

Pansier, who is proceeding pro se, waived his right to a jury trial and the case was tried to the court on August 14 and 15, 2006. At the conclusion of the trial, the court found the defendant guilty on counts one through nine, but reserved ruling on counts ten through thirty-one, the charges of filing false Sight Drafts, and invited the parties to submit legal authority on the element of intent to defraud. The government has now filed its post-trial brief and the defendant will have until September 16, 2006 to respond.

While awaiting the completion of briefing on the remaining counts, I have concluded that a more complete record should be made on a matter I disclosed at the pretrial conference. At the

pre-trial conference, I noted that one of the witnesses identified by the government in its pre-trial brief was Brown County Circuit Judge William Atkinson. In fact, Judge Atkinson was also identified in the indictment as one of the eight individuals as to whom defendant had filed a false Form 8300. I noted for the record that I had served with Judge Atkinson as a Brown County Circuit Court Judge prior to my appointment to the federal bench and regarded him as a friend. Despite that relationship, I indicated that I was satisfied that it would not affect my ability to be fair and impartial to both parties in this proceeding. The government placed on the record at that time an offer of proof setting forth what it believed the testimony of Judge Atkinson would be. Although Pansier, in response to the government's offer, stated that those facts were in dispute, he did not seek disqualification at that time. In fact, Judge Atkinson's testimony as to the circumstances in which he was named on a Form 8300 filed with the IRS was not disputed, nor was the testimony of any of the other seven individuals as to whom Pansier had allegedly filed a false Form 8300. Judge Atkinson, like all of the other witnesses, simply described his previous involvement with Pansier and confirmed the fact that he had been the recipient of correspondence purportedly from the defendant requesting his taxpayer identifying information shortly before being notified by the IRS that a Form 8300 had been filed reporting his receipt of more than $10,000.

Notwithstanding this disclosure, and the absence of any motion to recuse myself, I have concluded that further development of this issue is appropriate. While I indicated at the pre-trial hearing that my relationship with Judge Atkinson would not affect my ability to be fair and impartial, the grounds for disqualification are broader than actual bias or prejudice. Title 28 U.S.C. § 455 requires recusal or disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 255(a). Although I addressed the issue of actual bias

2

or prejudice at the pre-trial conference, I neglected to address the question of whether an appearance of impropriety arose as a result of my friendship with Judge Atkinson. So that the record is complete, I should note that Judge Atkinson spoke at my behalf at my investiture to the federal bench in 2002 and I used his courtroom at the Brown County Courthouse for several trials prior to the construction of jury facilities in my own courtroom. In addition, although we have only occasionally socialized outside of work, I have maintained contact with Judge Atkinson since I left the state bench by periodically going to lunch with him during the work day. I, of course, have had no discussion with him regarding the facts of this case.

Given this relationship, however, I am directing the parties to set forth their respective positions as to whether I should have recused myself from this case because of an appearance of impartiality. This is not to say that I believe such an appearance exists. In *In re Taylor*, 417 F.3d 649 (7th Cir. 2005), the Court of Appeals affirmed a district court judge's denial of the defendant's motion for disqualification in a criminal case, despite the fact that the defendant had on two previous occasions sued the same judge. Noting that the prior lawsuits against the judge were frivolous and eight years had passed since they were terminated, the Court concluded that "a well-informed observer, one who knew the details of the prior litigation, would not believe that the civil cases required recusal." 417 F.3d at 653. If a defendant's harassing conduct directed against the judge himself does not bar that judge from presiding over the defendant's case, it would seem that the kind of conduct involved here directed not at the judge, but at a friend of the judge, would not either.

Nevertheless, in order to avoid even the appearance of impropriety, I wish to make a more complete disclosure of my relationship with Judge Atkinson and provide both parties an opportunity

3

to address this issue before I proceed further. I realize that were I to recuse myself now, it would require that I vacate my previous orders in the case and the parties would have to retry the case. It would therefore be regrettable if I were to recuse myself now. But in any event, it is better that the issue be more fully addressed at this point so that, if necessary, a new trial be ordered now instead of after an appeal.

Accordingly, any party who believes my relationship with Judge Atkinson gives rise to an appearance of impartiality shall file a motion to disqualify me from further proceedings on or before September 16, 2006. Failure to do so shall result in a waiver of the issue pursuant to 28 U.S.C. § 455(e).

**SO ORDERED** this 8th day of September, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

4