UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 05-CR-272

GARY L. PANSIER,

        Defendant.

**ORDER OF RECUSAL**

On November 8, 2005, the grand jury returned a thirty-one count indictment against Defendant Gary L. Pansier. The indictment charged Pansier with one count of impeding and obstructing the Internal Revenue Service, eight counts of filing false Forms 8300 claiming payments made to state and federal entities on his behalf, and twenty-one counts of filing false and fictitious financial instruments known as Sight Drafts.

The defendant, who is proceeding pro se, waived his right to a jury trial and the case was tried to the court on August 14 and 15, 2006. At the conclusion of the trial, I found the defendant guilty on counts one through nine, but reserved ruling on counts ten through thirty-one, the charges of filing false Sight Drafts, and invited the parties to submit legal authority on the element of intent to defraud. The government thereafter filed its post-trial brief. In the meantime, I issued an order *sua sponte* in which I elaborated on an issue that had been only touched on at the final pretrial conference in the matter – namely, my relationship with Brown County Circuit Judge William J. Atkinson, one of the individuals as to whom the defendant had allegedly filed a false IRS Form

8300 and one of the government's witnesses in the case. Although I noted at the time of the pretrial that my friendship with Judge Atkinson would not affect my ability to preside over this case in a fair and impartial manner, I acknowledged that the question of recusal was broader than actual bias or prejudice. Recusal, I noted, was required where a judge's impartiality might reasonably be questioned. Based upon that disclosure, defendant has moved for my recusal pursuant to 28 U.S.C. § 455(a). For the reasons that follow, I now conclude that his motion should be granted.

The test for deciding whether an appearance of partiality exists is "whether an objective, disinterested observer fully informed of the facts underlying the grounds in which recusal is sought would entertain a significant doubt that justice would be served in the case." *Pepsico, Inc. v. McMillen*, 746 F.2d 458, 460 (7th Cir. 1985); *United States v. Murphy*, 768 F.2d 1518, 1538 (7th Cir. 1985). The test is an objective one:

> An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person···· Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

*In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990). It is important to emphasize that the standard is "a well-informed, thoughtful observer," and not a member of the judiciary, since "these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998).

Applying this test to the facts of this case, I now conclude that my recusal is required. Judge Atkinson is identified by his initials in the indictment as one of the individuals as to whom the

2

defendant filed a false Form 8300, and the government has identified him as a "victim" of one of the multiple counts against the defendant. While Judge Atkinson suffered no harm as a result of the filing of the Form and it is doubtful that he would regard himself as a "victim," I conclude that "a well-informed, thoughtful observer" may nevertheless entertain doubt about my ability to be fair to the defendant.

In my previous order concerning this matter, I cited *In re Taylor*, 417 F.3d 649 (7th Cir. 2005), in which the Seventh Circuit denied a petition for mandamus seeking to disqualify a judge who had been previously sued by the defendant. In rejecting the defendant's contention that his previous litigation against the judge was good reason to question his impartiality in the case now before him, the Court in *Taylor* noted that recusal in such situations "is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit." *Id.* at 652. I noted in my previous order that "[i]f a defendant's harassing conduct directed against the judge himself does not bar that judge from presiding over the defendant's case, it would seem that the kind of conduct involved here directed not at the judge, but at a friend of the judge, would not either." (Docket # 93 at 3.) But, of course, in *Taylor* the harassing conduct against the judge was not the basis of the charges the defendant was then facing and it preceded the case then before the judge by some eight years. Here, it is the conduct that the defendant allegedly directed toward Judge Atkinson that forms the basis of one of the charges before me. Under these circumstances, I conclude that recusal is required.

The government suggests that having failed to seek my disqualification when I advised the parties of my friendship with Judge Atkinson at the pretrial conference, and having then proceeded

3

to waive his right to a jury trial, the defendant may have waived his right to seek my disqualification.  But I am unable to find waiver under these circumstances.  The fact that the defendant is *pro se* and I have since concluded that my initial disclosure was not sufficient preclude a finding of waiver.  In addition, wholly apart from the defendant seeking my disqualification, I have an independent obligation under the Code of Judicial Conduct to disqualify myself when I conclude that my impartiality might reasonably be questioned.  Code of Conduct for United States Judges, Canon 3C(1).  I have reached that conclusion in this case.

Based on the foregoing, I conclude that defendant's motion for disqualification should be granted.  Other than the order setting conditions of release, I also vacate my previous orders and findings in this matter and direct that the file be reassigned by the clerk to another judge in this district.

**SO ORDERED** this 10th day of October, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
