UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                           Case No. 05-CR-272

GARY LEE PANSIER,

        Defendant.

ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING MOTION TO DISMISS OR SUPPRESS AND VERIFIED MOTION TO DISMISS

Prior to the reassignment of this case from District Judge William C. Griesbach to this court, the defendant, Gary Lee Pansier, filed two motions to dismiss which Magistrate Judge Aaron E. Goodstein addressed in a recommendation. Magistrate Judge Goodstein urged that the two motions be denied. Pansier, proceeding pro se, objected shortly thereafter. After reassignment of the case, this court permitted Pansier to submit additional objections, and now represented by counsel, he has done so. The United States responded in a brief filed April 30, 2007.

In document number 19, titled "Special Appearance for a Limited Purpose and Motion to Dismiss, Alternatively, a Motion to Suppress," Pansier argues that this criminal case must be dismissed and that evidence regarding his failure to comply with two grand jury subpoenas must be suppressed because they were invalid. The subpoenas in question are attached to Pansier's motion as Exhibits B and C. One was for production of objects (fingerprints, inked impressions of Pansier's hands, handwriting examplars, and a photograph) before the grand jury on September 24, 2002; the other was for him to appear in person on

June 17, 2003, to provide those same things. The earlier subpoena stated that in lieu of appearing before the grand jury Pansier could provide the items and exemplars to Internal Revenue Service Special Agent Jeffrey Luepke. The later subpoena indicated that Agent Luepke would be at the grand jury to receive the items or exemplars. Regardless, Pansier did not appear. As shown in Exhibit A to Pansier's motion, during Pansier's arraignment on the indictment, Magistrate Judge James R. Sickel referenced Pansier's failure to appear in response to these subpoenas as a basis for detaining Pansier. Pansier was released (subject to conditions) about one week later.

Pansier argues that the subpoenas were invalid because they did not advise him that he was the target of the grand jury investigation pursuant to United States Department of Justice policy, and they do not contain a case number or a reference to the applicable statute giving them authority to summons anyone. In addition, he maintains that the subpoenas are merely IRS summonses and of no consequence without a court order enforcing them, and that his arrest in this case was improperly based on his failure to comply with the subpoenas. Pansier asserts that unspecified statements he made and evidence of his noncompliance should be suppressed and that the case should be dismissed.

This court will adopt the magistrate judge's recommendation and deny the motion. The subpoenas issued from this district, were signed by deputy clerks of court, and commanded appearances before the federal grand jury. Notwithstanding the alternative action contained in the subpoenas – providing the information to an IRS special agent in lieu of appearing before the grand jury – they are *not* IRS summonses for which the IRS would have to apply to the federal court for enforcement. They issued from this court, and failure to comply may be treated as contempt of court.

Pansier provides no authority for finding that the subpoenas required some reference to statutory authority to be valid. Moreover, grand jury subpoenas do not have case numbers (such as the case number here, 05-CR-272) because case numbers are not assigned until an indictment is filed. However, the court notes that the subpoenas do contain a reference to a matter number 2001R00070.

Further, the record shows that Pansier's arrest was not for contempt for violating the grand jury subpoenas. Instead, it was pursuant to the indictment – obtained in this case even without the information specified in the subpoenas, which Pansier did not produce. Federal Rule of Criminal Procedure 9(a) requires that a warrant or summons issue upon the filing of an indictment. Here, the arrest warrant issued on November 9, 2005, the day after the indictment was filed (Docket entries 1 & following note), and Pansier was arrested and arraigned on January 27, 2006 (Minutes of 1/17/06). That Magistrate Judge Sickel referenced Pansier's failure to comply with the subpoenas as a basis for his detention order does not mean that Pansier's arrest was caused by the noncompliance.

That a Department of Justice manual may discuss a longstanding practice of advising grand jury witnesses who are known targets of an investigation that their conduct is being investigated for a possible violation of criminal law is not a basis for finding the grand jury subpoenas invalid or for dismissing this case. Pansier points to no authority indicating that such notice is required by federal or constitutional law. Morevoer, an executive-branch practitioners' manual does not create federal or constitutional rights. Additionally, if Pansier is looking to his constitutuional rights against illegal seizure of person or property or against self-incrimination, he has not shown that any seizure or self-incrimination occurred, as he never complied with the subpoenas.

In the objections filed recently by defense counsel, Pansier expands on a contention he says he tried to argue in the motion and objection but did not articulate. He contends that over a ten year period during the 1990s, IRS agents acted as de facto agents for the Department of Justice and intended to mislead him by indicating that they were contacting him for civil purposes, when they intended to elicit evidence to prosecute him criminally. He maintains that in addition to creating a trial issue of entrapment, the agents' conduct implicates his rights to due process and freedom from self-incrimination.

Again, Pansier has not pointed to a particular statement to be suppressed for violation of his Fifth Amendment right against self-incrimination. As he never complied with the subpoenas he cannot argue that he was improperly induced by the subpoenas into giving the government evidence against him. Moreover, Pansier has not persuaded the court that any misleading conduct by government agents is actually tied to the subpoenas that are the basis for this motion. It is clear that the subpoenas reference the grand jury convened in this district and IRS Special Agent Luepke.

According to a case cited by Pansier, IRS revenue agents conduct civil matters such as audits, while IRS special agents conduct criminal investigations. *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977). Further, IRS special agents "are duly sworn law enforcement officers who investigate complex financial crimes associated with tax evasion, money laundering . . . and much more." IRS Criminal Investigation (CI), http://www.irs.gov/compliance/enforcement/article/0,,id=98205,00.html (last visited May 17, 2007). Thus, the subpoenas which commanded Pansier to provide his fingerprints and photograph to the grand jury or an IRS special agent, could not reasonably have misled Pansier into thinking they referenced a civil matter or a criminal matter involving someone

4

else. As for any other conduct that Pansier may think has misled him, he fails to specify it. Hence, there is no basis in this record for dismissal or suppression of any evidence.

Additionally, the cases cited by Pansier are inapposite. For instance, in *Tweel* an IRS revenue agent's assignment to work with the defendant masked the criminal nature of the investigation such that the defendant's consent to microfilming documents was obtained improperly and the microfilming constituted an unreasonable search. 550 F.2d at 298-300. Here, Pansier has not established that a revenue agent masked a criminal investigation, and he never provided the grand jury or government with any of the items requested in the grand jury subpoenas. *In re Grand Jury Proceedings*, 486 F.2d 85 (3d Cir. 1973), involved contempt proceedings for failure to comply with a grand jury subpoena. Here, no contempt order was sought for Pansier's failure to comply. *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958), dealt with release of transcripts from the grand jury and is not on point for the present motion.

In document number 22, titled "Special Appearance for Limited Purpose Only and Verified Motion to Dismiss and Brief in Support Thereof," Pansier argues eight grounds for dismissal: (1) that the government misrepresented the existence of the two subpoenas as a basis for the indictment (part of the argument from the motion to dismiss discussed above); (2) that the indictment did not take place, as Pansier has not received a concurrence form signed by twelve jurors and as the government had not (at that time) given him any grand jury transcript; (3) that the charges are insufficient to confer personal jurisdiction over Pansier; (4) that the statutes noted in counts one through thirty-one of the indictment are insufficient to confer subject matter jurisdiction; (5) that no criminal charges are alleged in the indictment because the statutes are "naked penalty statutes"; (6) that Pansier has not

5

received "due process notice" that the statutory sections were criminal offenses; (7) that he has been denied procedural due process because the prosecutor and court ignored certain Federal Rules of Criminal Procedure; and (8) that he has been denied due process because the IRS failed to exhaust administrative remedies prior to criminal enforcement.

The first argument was rejected above. The second argument is under cut by this court's order (at the pretrial conference held May 18, 2007) that the court reporter prepare a transcript of the indictment return. In addition, in hearings before this court counsel for the government has indicated that the transcript of Special Agent Luepke's testimony before the grand jury was given to Pansier in connection with Luepke's testimony at Pansier's prior trial. Recently, Pansier was also provided a copy of the grand jury concurrence form and a transcript of the proceeding. Therefore, Pansier has evidence confirming the result of the grand jury proceedings.

As for arguments four and six, this court notes that 18 U.S.C. § 204(a) was enacted into positive law, the Internal Revenue Code of 1954 was enacted as a separate code, and Title 26 of the United States Code is identical to the sections of the Internal Revenue Code. According to the Court of Appeals for the District of Columbia Circuit, enactment of the Internal Revenue Code as a separate code means it is positive law. *Tax Analysts v. IRS*, 214 F.3d 179, 183 n.1 (D.C. Cir. 2000). Whether Title 26 is positive law or not, the indictment's reference to sections of Title 18 and Title 26 put Pansier on fair notice of these statutes. His argument that he had no "due process notice" because the statutes were not published in the Federal Register or in the Code of Federal Regulations is unavailing. Pansier's contention that he has not been put on sufficient notice of any duties required by these statutes is similarly unpersuasive. Further, because these are federal

6

statutes setting forth crimes, the court has subject matter jurisdiction pursuant to 18 U.S.C. § 3231. *See United States v. Latham*, 754 F.2d 747, 749 (7th Cir. 1985) (stating that Title 26 violations are offenses against the laws of the United States and are clearly within federal court jurisdiction).

Counsel adds an objection regarding the magistrate judge's treatment of argument six, contending that one of the statutes at issue, 26 U.S.C. § 7212(a), is void for vagueness. This argument is not properly before the court, as the court sees no vagueness argument in Pansier's original motion. Regardless, the objection must be overruled. Pansier maintains that the statute provides for three types of violations – "Whoever [(1)] corruptly or [(2)] by force or [(3)] threats of force . . . endeavors . . . ." But, he contends, the statute only provides for two penalties: up to three years in prison and a fine of up to $5,000 for use of force or up to one year in prison and $3,000 for threats of force alone. According to Pansier, Congress left corrupt endeavors without a penalty, causing impermissible vagueness. However, Pansier reads the statute incorrectly. It is written as including *all three types* of endeavors as justifying the higher penalties. It then *excepts* from those penalties conduct that consists only of threats of force, thus leaving both "corrupt" and "force" endeavors with the higher penalties. Second, Pansier offers that the word "corruptly" is unconstitutionally vague. Yet, several courts of appeals have either rejected vagueness arguments based on the word "corruptly" or have expressly noted that they were defining "corruptly" such that no vagueness issue existed. *United States v. Kelly*, 147 F.3d 172, 176 (2d Cir. 1998); *United States v. Popkin*, 943 F.2d 1535, 1539-40 (11th Cir. 1991); *United States v. Reeves*, 752 F.2d 995, 999-1000 (5th Cir. 1985); *cf. United States v. Kassouf*, 144 F.3d 952, 956-59 (6th Cir. 1998)

(construing the omnibus clause of § 7212(a) (rather than the word "corruptly" alone) in a way that disposed of any vagueness argument).

As for argument three, the magistrate judge indicated that Pansier's assertion that he is not a "person" for purposes of 26 U.S.C. §§ 7206 and 7212 is "inane." *See Latham*, 754 F.2d at 749. More need not be said.

In argument five Pansier contends that §§ 7206 and 7212 and 18 U.S.C. § 514 are "naked penalty statues" rather than criminal charges and that they have no effect without implementing regulations. This court disagrees. Each statute sets forth the conduct that is illegal and the resulting penalties. The court is unpersuaded that any related regulations are required to implement these criminal statutes.

The magistrate judge adequately dealt with argument seven, discussing how a criminal complaint and preliminary hearing are unnecessary if the grand jury has found probable cause and returned an indictment. *See, e.g.*, Fed. R. Crim. P. 5.1(a)(2) (stating that a magistrate judge must conduct a preliminary hearing unless the defendant is indicted); *United States v. Werbrouck*, 589 F.2d 273, 275 (7th Cir. 1978) ("[A] preliminary examination is not available to a defendant who has already been indicted as in this case. The purpose of a preliminary hearing is to determine probable cause and thus a hearing is unnecessary after indictment as the grand jury has already made that determination.").

Finally, the statutes charged in the indictment contain no administrative exhaustion prerequisite.

For all the above-stated reasons,

8

IT IS ORDERED that the magistrate judge's recommendation is adopted and Pansier's motion to dismiss or suppress (Doc. #19) and verified motion to dismiss (Doc. #22) are both denied.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge